United States Court of Appeals

Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20929
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO RAMIREZ-GUERRERO, also known as Roberto Ramirez,
also known as Jose Isreal Herrera, also known as Roberto
Rodrigo Ramirez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-118-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roberto Ramirez-Guerrero pleaded guilty to one count of

unlawfully reentering the United States after having been removed

subsequent to an aggravated felony conviction in violation of

8 U.S.C. § 1326.  In his sole point of error on appeal, Ramirez-

Guerrero challenges the constitutionality of § 1326(b)'s

treatment of prior felony and aggravated felony convictions as

sentencing factors rather than elements of the offense that must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Ramirez-Guerrero's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Ramirez-Guerrero contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Ramirez-Guerrero properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u>, but he raises it here to preserve it for further review.

AFFIRMED.